1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                          **DISTRICT OF NEVADA**
6
7    KIRSHA BROWN,                          )
8                          Plaintiff,       )        Case No. 2:10-cv-00557-KJD-PAL
9    vs.                                    )        **ORDER**
                                            )
10   NATIONAL SECURITY AGENCY,              )        (Various Mtns - ##11-14, 16-17, 19)
                                            )
11                         Defendants.      )
     _____)
12

13        This matter is before the court on a series of motions filed by Plaintiff, including Motion to

14   Extend Time to Serve Defendants (Dkt. #11) filed June 25, 2010; Motion for Request for Assistance

15   with Service of Summons, Motions/Legal Pleadings, etc. (Dkt. #12) filed June 25, 2010; Motion

16   Requesting Defendant to Terminate Personal Investigations Surveillance and Advanced Technology

17   Privacy Intrusions (Dkt. #13) filed June 28, 2010; Motion for Request for Order Demanding Criminal

18   Investigations (Dkt. #14) filed June 28, 2010; Motion to Compel (Dkt. #16) filed July 1, 2010; Motion

19   for Production of Documents/Records (Dkt. #17) filed July 1, 2010; and Motion for Production of

20   Documents/Records (Dkt. #19) filed July 1, 2010.  The court has considered the motions.

21        Plaintiff Kirsha Brown is proceeding in this action *pro se* and *in forma pauperis*.  On April 19,

22   2010, Plaintiff submitted a Complaint, and after approving Plaintiff's Application to Proceed *In Forma*

23   *Pauperis*, the court screened the Complaint pursuant to 28 U.S.C. § 1915.  The court found Plaintiff's

24   Complaint failed to state a claim upon which relief could be granted and allowed Plaintiff thirty days in

25   which to file an Amended Complaint.  The court warned Plaintiff that "[f]ailure to comply with this

26   Order will result in a recommendation to the District Judge that the Complaint be dismissed."  Order,

27   Dkt. #2 at 4:5-6.  Plaintiff has not filed an Amended Complaint, nor has she requested an extension of

28   time in which to do so, nor has she taken any other action to prosecute this case.

Previously, the court entered an Order (Dkt. #5) noting that Plaintiff did not receive a copy of the court's Order (Dkt. #2) to file an Amended Complaint.  *See* Dkt. #4 (noting order was returned as undeliverable).  The court noted that Plaintiff had not complied with the Local Rules and reminded Plaintiff that the Local Rules of Practice provide, "The plaintiff shall immediately file with the court written notification of any change of address. . . . Failure to comply with this rule may result in dismissal of the action with prejudice."  LSR 2-2.  Because Plaintiff had filed additional actions with the court indicating a new address of 4230 Fairmont Circle, Las Vegas, NV 89103, the court allowed Plaintiff an additional thirty days to amend her complaint in accordance with the court's previous Order (Dkt. #2).

A review of the docket reflects that Plaintiff has still not received the court's Screening Order (Dkt. #2).  *See* Dkt. #8 (noting the court's Orders (Dkt. ##2, 5) were returned as undeliverable).  However, Plaintiff has now complied with LSR 2-2, and she filed a Notice of Change of Address (Dkt. #6).  The court will, therefore, direct the Clerk of Court to serve the court's previous Orders (Dkt. #2, 5) to Plaintiff's new address that is reflected in her Notice of Change of Address (Dkt. #6).  Plaintiff will be permitted one final opportunity to amend her Complaint to correct the deficiencies noted in the court's Screening Order (Dkt. #2).

Plaintiff is reminded that if she chooses to amend the complaint, she must set forth the grounds upon which the court's jurisdiction depends.  Fed. R.Civ. P. 8(a); LR 8-1.  In addition, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has filed many motions in this case which are premature.  First, Plaintiff's Motion for Request for Assistance with Service of Summons, Motions/Legal Pleadings Etc (Dkt. #12) requests assistance because of the "immense amount of filed cases, in which [sic] requires the constant filing of

1  legal documents." Plaintiff wants to ensure parties are served correctly. Because Plaintiff is

2  proceeding *in forma pauperis*, her Complaint had to be screened before the court directed service. *See*

3  28 U.S.C. § 1915(e). If Plaintiff were to state a claim upon which relief could be granted, the court

4  would direct the Clerk of Court to prepare summons. Service of the Complaint on Defendant would

5  then be effected pursuant to Rule 4 of the Federal Rules of Civil Procedure by the United States

6  Marshal's Service because Plaintiff is proceeding *in forma pauperis*. *Id.* The court screened Plaintiff's

7  Complaint and found that it should be dismissed with leave to amend. Service of the Complaint is,

8  therefore, premature at this point. Thus, Plaintiff's Motion for Assistance (Dkt. #12) will be denied.

9  Similarly, Plaintiff's Motion for Extension of Time requests an additional 120 days to serve the

10  Complaint. For the reasons stated above, service of Plaintiff's Complaint is not proper at this time.

11  Therefore, Plaintiff's Motion for Extension (Dkt. #11) will be denied.

12      Plaintiff has also filed several motions seeking to compel discovery which are also premature.

13  *See, e.g.,* Dkt. ##16, 17, 19. As a general rule, discovery is not permitted until after a defendant

14  responds to the complaint, and the parties conduct a case management conference pursuant to Rule

15  26(f) of the Federal Rules of Civil Procedure. *See generally* Fed.R.Civ.P. 26; LR 26. Accordingly,

16  Plaintiff's discovery-related motions will be denied because they are premature.

17      Lastly, Plaintiff has also filed a Motion for Requesting Defendant to Terminate Personal

18  Investigations Surveillance, and Advanced Technology Privacy Intrusions (Dkt. #13) and a Motion for

19  Request for Order Demanding Criminal Investigations (Dkt. #14). Plaintiff's Motion to Terminate

20  (Dkt. #13) requests that the court enter an order requiring Defendant National Security Administration

21  to give a legal reason for its "personal investigations, surveillance, and advanced technology

22  intrusions." Plaintiff also filed a Motion to Demand (Dkt. #14) directing the court investigate the

23  charges alleged in Plaintiff's Complaint. Plaintiff "demand[s] that investigative powers [be]

24  implemented, in regards to excessive abuses occurring on alleged defendant's behalf, addressing illegal

25  and criminal activities not in accordance with law, or the rights of Plaintiff, Kirsha Brown as a citizen."

26  These Motions (Dkt. ##13, 14) essentially request the same relief prayed for in the Complaint The court

27  found that Plaintiff's Complaint failed to state a claim for which relief could be granted and allowed

28  Plaintiff an opportunity to amend. Moreover, the court cannot authorize an investigation into the claims

Plaintiff asserts on Plaintiff's behalf.  Therfore, the Motion to Terminate (Dkt. #13) and the Motion for Investigation (Dkt. #14) will be both be denied.

Accordingly,

**IT IS ORDERED**:

1.     The Clerk of the Court shall mail this Order and the court's previous Orders (Dkt. #2, 5) to Plaintiff at:

           Kirsha Brown
           811 Bridger Ave. #353
           Las Vegas, NV 89101

2.     Plaintiff shall have **thirty days** from the date of this order to file her Amended Complaint, if she believes she can correct the noted deficiencies.  This shall be Plaintiff's final opportunity to amend her Complaint.

3.     Failure to comply with this order and the court's previous Order (Dkt. #2, 5) will result in a recommendation to the District Judge that the Complaint be dismissed.

4.     Plaintiff's Motion for Extension (Dkt. #11) is DENIED.

5.     Plaintiff's Motion for Assistance (Dkt. #12) is DENIED.

6.     Plaintiff's Motion to Terminate (Dkt. #13) is DENIED.

7.     Plaintiff's Motion to Demand (Dkt. #14) is DENIED.

8.     Plaintiff's Motion to Compel (Dkt. #16) is DENIED.

9.     Plaintiff's Motion for Production (Dkt. #17) is DENIED.

10.    Plaintiff's Motion for Production (Dkt. #18) is DENIED.

Dated this 12th day of July, 2010.


_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE