1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7

KIRSHA BROWN,                                     )

8

                     Plaintiff,          )

Case No. 2:10-cv-00557-KJD-PAL

9

vs.                                                          )

**REPORT OF FINDINGS AND
RECOMMENDATION**

10

NATIONAL SECURITY AGENCY,            )

(Amended Complaint - Dkt. #9)

11

                  Defendants.        )

12

                                  )

13

       This matter is before the court on Plaintiff Kirsha Brown's Amended Complaint (Dkt. #9).

14

Plaintiff is proceeding in this action *pro se* and *in forma pauperis*.  On April 19, 2010, Plaintiff

15

submitted a Complaint, and after approving Plaintiff's Application to Proceed *In Forma Pauperis*, the

16

court screened the Complaint pursuant to 28 U.S.C. § 1915.  The court found Plaintiff's Complaint

17

failed to state a claim upon which relief could be granted and allowed Plaintiff thirty days in which to

18

file an Amended Complaint.  The court warned Plaintiff that "[f]ailure to comply with this Order will

19

result in a recommendation to the District Judge that the Complaint be dismissed."  Order, Dkt. #2 at

20

4:5-6.  Plaintiff did not file an Amended Complaint or request an extension of time in which to do so.

21

       The docket reflected the court's Screening Order had been returned as undeliverable.  *See* Dkt.

22

#4.  However, because Plaintiff had filed additional actions with the court indicating her new address,

23

the court directed the Clerk to re-mail its previous Orders (Dkt. ##2, 5) and allowed Plaintiff an

24

additional thirty days to amend her complaint.  On June 16, 2010,  Plaintiff filed a Notice of Change of

25

Address (Dkt. #6), and she received the court's previous Orders (Dkt. ##2, 5) at her new address.

26

Plaintiff filed an Amended Complaint (Dkt. #9) in accordance with those orders. The court will now

27

screen Plaintiff's Amended Complaint (Dkt. #9) pursuant to 28 U.S.C. § 1915(a).

28

/ / /

1     Federal courts are given the authority dismiss a case if the action is legally "frivolous or

2   malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a

3   defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a

4   complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions

5   as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

6   not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

7     Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

8   failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

9   ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

10  2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

11  the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

12  555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

13  and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129

14  S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

15  true all well-pled factual allegations contained in the complaint, but the same requirement does not

16  apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

17  supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the

18  complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

19  *Twombly,* 550 U.S. at 570.

20    Plaintiff's Amended Complaint alleges the Defendant's "wiretapping bill" has allowed the

21  National Security Administration to conduct illegal wiretaps on her phone and computer, which has

22  invaded her privacy and violated her civil, constitutional, and human rights.  Plaintiff seeks twenty

23  million dollars in damages.

24    The Amended Complaint was filed on the court's form civil rights complaint pursuant to 42

25  U.S.C. § 1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the

26  Constitution has been violated, and the deprivation was committed by a person acting under color of

27  state law.  West v. Atkins, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their

28  official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not

2

be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). The named Defendant, the NSA, is an agency of the federal government. Because there are no state actors named in the Amended Complaint (Dkt. #9), no § 1983 claim exists.

Plaintiff's Amended Complaint may be attempting to assert a *Bivens* action because Plaintiff has named an agency of the federal government. *See Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). "A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Hall v.* Clinton, 235 F.3d 202, 204 (4th Cir. 2000) (*citing Bivens*, 403 U.S. at 395-97). However, the Supreme Court has held that a federal agency is not subject to liability for damages under *Bivens*. *See Fed'l Deposit Ins. Co. v. Meyer*, 510 U.S. 471 (1994). The Amended Complaint fails to state a claim on which relief may be granted.

Accordingly,

**IT IS RECOMMENDED** that the Amended Complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 22nd day of July, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's

3

Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.

4